[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11527
Non-Argument Calendar

_____

D. C. Docket No. 05-00362-CR-T-24EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LOUIS HYNDS-MATUTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jerry Louis Hynds-Matute appeals his 135-month sentence for drug

trafficking offenses. Hynds-Matute argues that he should have received a minor-role reduction, pursuant to U.S.S.G. § 3B1.2, and that the district court imposed an unreasonable sentence when it failed to calculate correctly the guidelines imprisonment range by not accounting for a minor-role reduction.

We review the district court's finding concerning the defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving that he played a minor role by a preponderance of the evidence. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). We cannot conclude on this record that the district court clearly erred in declining to apply a minor-role reduction.

We also review a defendant's ultimate sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors. See United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). The burden of proving that the sentence is unreasonable in light of the record and these factors rests on the challenger. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

To impose a reasonable sentence, the district court must correctly calculate the guidelines imprisonment range and then consider the factors set forth in § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Hynds-Matute's only argument of unreasonableness is based on the district court's refusal

to grant him a minor-role reduction. As noted above, this refusal was not clearly erroneous. Furthermore, the district court correctly calculated the guidelines imprisonment range and sentenced Hynds-Matute at the bottom of the range, explicitly acknowledging that it had considered the §3553(a) factors before imposing its sentence. Therefore, Hynds-Matute has failed to prove that his sentence was unreasonable.

**AFFIRMED.**